In re James Cecil HALL, Jr., Erma Maude Theresa Hall, Debtors.

NATIONAL BONDED MONEY ORDERS, INC., Plaintiff,

v.

James C. HALL, Jr., Defendant.

Bankruptcy No. 486–00074–LO–7. Adv. No. 486–0049.

United States Bankruptcy Court, W.D. Louisiana.

Dec. 16, 1986.

Thomas E. Schafer, III, New Orleans, La., for James Cecil Hall, debtor-defendant.

Edmond Kaplan and Robert Brenham, Duson, La., for National Bonded Money Orders. Felix Pavy, Opelousas, La., trustee.

## DENIAL OF SUMMARY JUDGMENT

W. DONALD BOE, Jr., Bankruptcy Judge.

This matter is before the court on a motion for summary judgment filed by defendant. Plaintiff has filed a memorandum in opposition thereto. There have been no requests for oral argument on the motion. Since the court does not see how argument could illumine the problems discussed below, it is appropriate to proceed with a decision on the motion under Rule 10(g) of the Local District Court Rules, which have been adopted for use, in all divisions of the Bankruptcy Court on April 1, 1985, insofar as they might reasonably apply to bankruptcy matters.

The complaint (originally filed by other counsel in the Shreveport Division) alleges that a debt should be nondischargeable under 11 U.S.C. 523(a)(4) because of fraud or defalcation while acting in a fiduciary capacity. Attached to the complaint is a "Trust Agreement" apparently signed by defendant as President of Fastrip, Inc. and the plaintiff. This document refers to a trust relationship, prevents commingling of funds, etc., and is apparently related to Fastrip's sales of the plaintiff's money orders.

Defendant's Motion for Summary Judgment was filed the same day as a Motion for Continuance granted by my predecessor. The Motion for Continuance filed by plaintiff's new counsel cited need for discovery as justifying postponement of a trial date.

The Motion for Summary Judgment admits that defendant executed the Trust Agreement and, in addition, that he personally guaranteed obligations under that agreement. It alleges that plaintiff's assets were subsequently sold to a new owner, and that thus there was no contractual relationship between plaintiff and defendant upon which plaintiff could rely. That allegation has not been proven. The court cannot simply assume this has been the case. Defendant further urges that even if there were a contract, there was no fiduciary relationship that would allow a debt to be declared non-dischargeable under 11 U.S.C. 523(a)(4). This issue is not purely one of law but appears to turn also on the credibility of one or more witnesses. This issue is not appropriate for disposition by summary judgment.

Plaintiff's Memorandum in Opposition concedes that it may have difficulty obtaining a declaration of non-dischargeability under Section 523(a)(4) but submits that another basis for non-dischargeability exists and that it has experienced great difficulty in determining through discovery the true facts with respect to the disposition of money order proceeds. Plaintiff (though rather vaguely) suggests that there are genuine issues of material fact precluding summary judgment and that it should be

allowed to amend its complaint. The court agrees.

In ruling on a motion for summary judgment under F.R.C.P. 56 the court's role is not to resolve factual issues but to determine whether there are one or more genuine issues of material fact. The court finds there are *bona fide* issues of fact both with respect to the existence of a contractual relationship and a fiduciary relationship. Defendant is not entitled to judgment as a matter of law at this time.

The court, moreover, concludes that plaintiff within a reasonable period should be allowed to amend its complaint. F.R.C.P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Accordingly it is

ORDERED that:

1. Defendant's Motion for Summary Judgment filed August 7, 1986 is denied.

2. Plaintiff is hereby granted leave to amend its complaint on or before January 15, 1987.

3. Defendant shall answer any amended complaint within the time alloted by F.R.C.P. 15(a).

4. The Clerk of the Court will arrange for a telephone status conference between the judge and counsel for the parties regarding any remaining discovery, pre-trial date, and trial date as soon as practicable after January 15, 1987 if no amended complaint is filed, or, if one is filed, as soon as practicable after an answer is filed.